IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 19, 2009 at Knoxville

## STATE OF TENNESSEE v. RONALD LEE STEWART

**Appeal from the Criminal Court for Marshall County**
**No. 17600    Robert Crigler, Judge**

---

**No. M2008-00873-CCA-R3-CD - Filed December 23, 2009**

---

The Defendant, Ronald Lee Stewart, appeals as of right from his convictions in the Marshall County Circuit Court for one count of aggravated burglary, a Class C felony, one count of theft of property valued at less than five hundred dollars, a Class A misdemeanor, and one count of theft of property valued between one thousand and ten thousand dollars, a Class D felony. The Defendant received an effective sentence of twelve years to be served in incarceration. In this appeal as of right, the Defendant claims that his convictions are constitutionally infirm due to juror fatigue and that the trial court erred in sentencing him as a persistent offender. Following our review, we conclude that the Defendant failed to prepare an accurate record of the subject of this appeal and his issues are waived. Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P.  3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Christopher P. Westmoreland, Shelbyville, Tennessee, attorney for appellant, Ronald Lee Stewart.

Robert E. Cooper, Jr., Attorney General and Reporter; Renee W. Turner, Senior Counsel; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

The record in this case reflects that the Defendant was indicted for the April 2007 aggravated burglary and related thefts from the ninety-seven-year-old victim, Allen Moses, during which the Defendant knocked on the front door, entered the residence and stole the victim's truck keys and spare change before leaving in the victim's truck. Although the Defendant alleges in his brief that his convictions resulted from a jury trial, the record on appeal completely refutes this claim. In fact, the transcripts and judgments reflect that the Defendant entered open pleas to the indictment on January 23, 2008. After the preparation of the presentence investigation report and following a full

hearing, the trial court sentenced the Defendant on April 9, 2008. A timely notice of appeal followed.

ANALYSIS

*Juror Fatigue Issue*

In his initial allegation of error, the Defendant contends that the trial court should have excused a juror from the trial of this case due to the juror's complaints of fatigue stemming from working a twelve-hour night shift before reporting for jury service on the day of trial. The State correctly notes that the convictions appealed from in this matter did not arise from a jury trial, but from a guilty plea. The Defendant filed no reply brief to the State's argument. Following the Defendant's indictment in May 2007, the trial court appointed the public defender's office to the case on June 7 and the case was set for trial on June 20, 2007. On June 27, 2007, present counsel was appointed and the case was continued to July 25, 2007. Seven continuances later, the Defendant entered his guilty pleas to the indicted offenses. We are unable to glean anything in this record indicating that a trial commenced in this case or that any trial preparation in the form of pretrial motions even occurred in this case. Therefore, we conclude that this issue is without merit.

*Offender Classification*

The Defendant also contends that the trial court erred in classifying him as a persistent offender for an aggravated burglary conviction because, he claims, he does not possess the requisite number of prior offenses to qualify for this range enhancement. The Defendant argues that because his history of Class E forgery convictions occurred between June 7, 1999 and July 23, 1999, the trial court should have considered them as an ongoing scheme for offender classification purposes. The State contends that this issue is waived for the Defendant's failure "to cite to relevant authority and . . . to make appropriate citations to the record." Furthermore, the State argues that the trial court correctly classified the Defendant as a persistent offender for the aggravated burglary conviction because the Defendant has a record of more than five prior Class E felony forgery convictions.

We note that the Defendant refers to a thirteen-year sentence in his argument. However, the record in this case reveals that the trial court sentenced the Defendant to twelve years as a persistent offender in this case, docket number 17660. Our review of the record reveals that the Defendant was also convicted in case number 17599 of aggravated burglary with related theft and vandalism offenses *following a jury trial.* The sentences in case number 17660 were imposed consecutively to the sentences in case number 17599, and the judgments in case number 17599 were made exhibits at the sentencing hearing. Thus, it is apparent to this court that the Defendant has raised issues in his brief before this court pertaining to case number 17599, the record of which is not before this court. Because it is the appellant's duty to prepare an accurate record for appeal, we deem these issues waived. Accordingly, the judgments are affirmed.

CONCLUSION

In consideration of the foregoing, the judgments of the Circuit Court of Marshall County are affirmed.

_____
D. KELLY THOMAS, JR., JUDGE